ADVANCE ALUMINUM CASTINGS CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

No. 9519.

Circuit Court of Appeals, Seventh Circuit.

June 2, 1948.

354

Frank J. Albus, of Washington, D. C., James F. Spoerri and Bobb, Spoerri, Bourland & Harris, all of Chicago, Ill., for petitioner.

Theron L. Caudle, Asst. Atty. Gen., and Sewell Key, George A. Stinson, S. Walter Shine and Melva M. Graney, Sp. Assts. to Atty. Gen., and Charles Oliphant, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before KERNER, and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Petitioner questions a deficiency assessment in its income tax for the year 1942, determined by the Commissioner of Internal Revenue and approved by the Tax Court, of $51,313.24. The controversy between the parties presents only the question of whether, in determining its taxable income for income tax purposes for the period involved, petitioner was enttiled to deduct from its net income a credit of $504,-579.32 for excess profits, as it insists, instead of a credit of $376,296.24 as determined by the Commissioner and the Tax Court,—a purely legal question as to which of the two sums constitutes the proper credit under the pertinent revenue statutes.

Petitioner is a manufacturer of aluminum products, which it sells in two ways,— in ordinary sales and in installment sales. Its books are kept upon a calendar year accrual basis of accounting and its taxes have been reported and paid upon that basis, except that receipts from installment sales have been reported and tax thereon computed under the alternate plan provided for installment sales by Section 44(a) of the Internal Revenue Code. However, after Congress had enacted Section 736(a) of the Internal Revenue Code in 1942, granting relief to installment sales taxpayers by providing that they might elect to compute their excess profits tax, insofar as it involved installment sales, upon an accrual basis, rather than under Section 44, petitioner elected to compute its excess profits tax income, in accord with this section, upon an accrual basis. Calculated upon this formula, petitioner's adjusted excess profits net income was $376,296.24; and upon that basis, admittedly correct, the excess profits taxes were assessed and paid. The parties diverge upon whether this was the proper excess profits tax credit deductible from petitioner's net income in determining its income taxes. Petitioner contends that it should have been permitted to deduct an excess profits tax credit, calculated upon a consideration of its income upon the installment basis, which, in turn, would have resulted in a deductible credit of $504,579.32, reducing its income tax to that reported and completely eliminating the deficiency approved by the Tax Court.

Section 13 of the Internal Revenue Code, as amended by the Acts of 1939 and 1942, provides that corporate adjusted normal net income for income tax purposes shall be net income, minus the credit for income subject to the excess profits tax. Section 15, similarly defines corporate sur-tax net income. Section 26 gives to a corporation the right to deduct from its net income the excess profits tax credit. In 1942 Congress added Section 736(a) providing that taxpayers who had been computing income from installment sales in accord with the alternate method provided by Section 44 (a) of the Revenue Code, might elect, for the purpose of determining their excess profits taxes, to compute their income from installment sales on an accrual basis, in accord "with regulations prescribed by the Commissioner." These statutory pro-

visions appear in 26 U.S.C.A. §§ 13, 15, 26, 44(a), 710, 711 and 736.

Following the latter enactment, the Commissioner promulgated Regulation 112, which provides that, in case of election by the taxpayer to compute his excess profits tax income on an accrual basis, his income tax shall be based upon net income including "income from installment sales computed under the installment method provided by Section 44(a)" and the excess profits tax upon an income reflecting installment sales income calculated on an accrual basis, and that the credit to be allowed under Section 26(e), in determining taxable income for income tax purposes, shall be calculated by including in the excess profits tax income receipts of sales on installment sales on an accrual basis. This regulation, says the petitioner, exceeds the statutory enactment and includes provisions not contemplated by the Act of Congress.

Petitioner contends that inasmuch as Section 736(a) was applicable only to the excess profits tax, it was the intent of Congress to retain the amount of credit which it might have deducted, under its former method of reporting its excess profits tax income, from its taxable net income for income tax purposes. It insists that, though it elected to account for its receipts from installment sales on the accrual basis, thereby reducing its taxable excess profits income, it was still entitled, in computing its income for income tax purposes to deduct as a credit, not the excess profits tax income as actually computed but the amount it might have deducted had it continued to report its excess profits tax income on the installment basis under Section 44(a), and it argues that the statute, when properly interpreted, justifies this construction.

We think the argument unsound. After the excess profits tax sections were enacted, corporations were subjected both to that tax and to normal and sur-income taxes. Consequently, Congress, in order to avoid excessive taxation, in Sections 13 and 15, provided that corporations might have a credit against their normal and surtax income in the amount of their income subject to excess profits tax. In other words, the income for income tax purposes was reduced by the amount of income subject to the excess profits tax. Obviously Congress' purpose was to avoid double taxation of that portion of income subjected to an excess profit tax and to exempt it from income taxes. The various sections to which we have previously referred plainly evince this intent. Thus, when petitioner found itself subjected to both taxes, realizing that it might advantageously elect to report, for excess profits tax purposes, its installment sales receipts on an accrual basis, as provided by 736(a), it was entitled, in computing its taxable net income for income tax purposes, to a credit upon taxable income for just so much as its excess profits tax income amounted to, however calculated, that is, whether upon an accrual basis or upon an installment basis. By reducing its excess profits tax, by electing to take advantage of the option granted by Congress under Section 736(a), it was able, as Congress intended, to reduce its excess profits tax income and its excess profits tax thereon, but we read nothing in the statute that would justify an implication that Congress intended at the same time to exempt from income taxes that portion of income eliminated from excess profits tax liability. Indeed, the whole purport of the legislation is to the contrary, the intent having been at all times that the net income for income tax purposes should be decreased only by the amount of the excess profits tax income in order to avoid double taxation of the same income. It would be a violent and unjustified construction to conclude that petitioner could reduce its excess profits tax under the option granted by Congress and at the same time deduct from its taxable net income an excess profits tax income credit nowhere in existence, calculated upon the installment basis. To permit this would remove from all excess profits taxation and from all income taxation, in this particular instance, some $128,000 in income and reduce the income tax to a figure below what it would have been, had no excess profits tax been imposed. To our mind there is nothing to justify petitioner's contention that the statute permitted it to deduct a credit reflecting its income on the install-

ment basis, and that the credit to be allowed should be upon that basis. To permit this would ignore the essential fact that when petitioner elected to report its adjusted excess profits net income on the accrual basis under Section 736(a) it thereby automatically established the credit which it might deduct from its taxable net income for income tax purposes.

We think the reasoning of the court in Commissioner v. South Texas Lumber Company, 333 U.S. 496, 68 S.Ct. 695, 700, applicable to the situation here. There the court said: "There is no indication in any of the congressional history, however, that by passage of this law Congress contemplated that those taxpayers, who elected to adopt this accounting method for their own advantage could by this means obtain a further tax advantage denied all other taxpayers, whereby they could, as to the same taxable transaction, report in part on a cash receipts basis and in part on an accrual basis."

The attack upon the validity of the regulation involved is completely met by the decision in Commissioner v. Texas Lumber Company, supra.

The decision is affirmed.